IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LINDA J. MANN,**　　　　　　　　　　　　　　　　CV 04-1154-BR

　　　　Plaintiff,　　　　　　　　　　　　　　　　OPINION AND ORDER

v.

**JO ANNE B. BARNHART,
Commissioner of Social
Security,**

　　　　**Defendant.**


**DAVID W. HITTLE**
Swanson, Lathen, Alexander & McCann
Suite 1000, 388 State Street
Salem, OR 97301
(503) 581-2421

　　　　Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**LUCILLE G. MEIS**
Office of the General Counsel
**STEPHANIE R. MARTZ**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2272

    Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Linda J. Mann seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Mann's protective application for Disability Insurance Benefits (DIB).  Mann seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough and careful review of the record, the Court **AFFIRMS** the decision of the Commissioner.

## ADMINISTRATIVE HISTORY

Mann filed her application for DIB on October 9, 2001.  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on May 4, 2003.  At the hearing, Mann was represented by an attorney, and Mann and a vocational expert (VE) testified.

2 - OPINION AND ORDER

The ALJ issued a decision on July 25, 2003, in which he found Mann was not entitled to benefits. That decision became the final decision of the Commissioner on July 28, 2004, when the Appeals Council denied Mann's request for review.

**BACKGROUND**

I.  **Mann's Testimony**

Mann was born on June 5, 1952, and was 50 years old at the time of the hearing. Tr. 31.[1] She completed high school and some vocational training. Tr. 31. Her past relevant work was as a receptionist, clerical specialist, certified nurses's aide, home-care aide, respiratory therapist, rehabilitation therapist, cafeteria supervisor, cook, and child-care provider. Tr. 25, 33-36.

Mann testified the problems that give her the most trouble are her diverticulitis and spastic colon. Tr. 36. Mann testified she has had attacks of diverticulitis or spastic colon problems twelve times in the year prior to the hearing. Tr. 38. Mann reported she suffers from problems with her spine and neck and has had problems with her lower back that began after she injured her back in 1996. Tr. 40. Mann also stated she had

---

[1] Citations to the official transcript of record filed with the Commissioner's Answer on November 22, 2004, are referred to as "Tr."

these problems with her neck, spine, and back during the time she was working as a receptionist, but they were manageable because she was able to alternate her positions throughout the day. Tr. 41.

Mann further testified she suffers from urinary incontinence, which requires her to stay close to a bathroom at all times. Tr. 42. Mann reported she has suffered from migraine headaches for the last twenty years. After she began taking Imitrex, the frequency of her migraines decreased significantly. Tr. 45.

Mann reported she lives with her husband. Tr. 46. Mann does light housework every day, reads, and visits with friends or family. Tr. 47-48. Mann testified she cooks, "straightens up" the kitchen and bedrooms, gardens occasionally, and shares laundry duties with her husband. Tr. 48.

Mann testified she can sit for up to four hours if she is allowed to move and to alternate positions, stand for 10-15 minutes, walk three blocks four times in an eight-hour period, and lift a gallon of milk. Tr. 51. Mann stated she could work at a computer "if it was adjusted at the right height where I didn't have to bend my neck a lot." Tr. 52.

## II. Medical Evidence

Except when noted below, Mann does not challenge the ALJ's summary of the medical evidence. Mann, however, contends the ALJ

improperly rejected some medical evidence and failed to apply proper legal standards when he weighed the evidence and made his decision.

After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 20-21.

### **STANDARDS**

A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests on the claimant to establish her disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support

5 - OPINION AND ORDER

a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Yuckert*, 482 U.S. at 140. *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant has no "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. § 416.920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal "one of a

number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. § 416.920(d). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e).

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e), (f). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the

testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(f)(1).

## II. The ALJ's Decision

The ALJ found Mann had not performed any substantial gainful activity since her alleged onset date of June 23, 2001. Tr. 25. The ALJ determined Mann has degenerative nerve disc disease of the lumbar and cervical spine, fibromyalgia, and diverticulitis, which are "vocationally relevant limitations" and are severe. Tr. 21. The ALJ further determined Mann has sleep apnea, carpal tunnel syndrome, reactive airway disease, and depression. The ALJ, however, found these conditions can be adequately controlled with medication or resolved by surgery and, therefore, they are not severe and do not cause vocationally relevant limitations. Tr. 21-22. Accordingly, the ALJ concluded Mann's impairments do not meet or equal the listed impairments. Tr. 22.

The ALJ also found Mann had the RFC to lift and to carry twenty pounds occasionally and ten pounds frequently, to stand and to walk for at least two hours, and to sit for six hours in a eight-hour work day. Tr. 24. The ALJ determined Mann could climb ramps and stairs; balance, crouch, and kneel frequently; climb ladders, ropes, or scaffolds; and stoop and crawl occasionally. Tr. 24. Finally, the ALJ found Mann needed to be

near restroom facilities.  Tr. 24.

The ALJ concluded Mann could perform her past relevant work as an office specialist.  Tr. 25.

## DISCUSSION

Mann contends the ALJ erred when he (1) rejected Mann's subjective symptom testimony, (2) rejected the opinion of Mann's treating physician, and (3) failed to provide a complete and accurate hypothetical to the VE.

**I. The ALJ's Rejection of Plaintiff's Testimony**

Mann alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Mann's testimony.

"If the ALJ finds that the claimant's testimony as to the severity of [the claimant's] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).  When weighing the claimant's credibility, the ALJ may consider "inconsistencies either in [her] testimony or between [her] testimony and [her] conduct, [her] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [s]he complains."  *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

9 - OPINION AND ORDER

"If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 958.

The ALJ identified inconsistencies between Mann's testimony and the medical record and, as a result, found Mann's testimony regarding her ability to work was not credible. Tr. 23. For example, the ALJ noted Mann testified she has had headaches for the past two years. Mann, however, reported to Stephanie Smith, FNP, that she has had migraines for 20 years, but Mann worked for many of those years despite the headaches. Tr. 23, 45, 600. In addition, Mann stated she did not have a history of migraines when she reported to the Salem Clinic in July 2000 with complaints of a stiff neck. Tr. 349.

The ALJ also considered the report of Loring H. Winthrop, M.D., Mann's treating physician before John Fitzgerald, M.D. Dr. Winthrop noted Mann reported severe back pain resulting from an injury on the job. Mann informed Dr. Winthrop that she could no longer attend school because it would require her to sit for eight hours a day, five days a week. Tr. 542. Dr. Winthrop reported, however, he learned Mann had only twelve to thirteen hours of class time and her classes were hours apart, allowing her to walk and to change positions. Tr. 23, 542. Dr. Winthrop also reported a SAIF adjuster showed Dr. Winthrop a videotape of Mann "getting in and out of her car numerous times, leaning down

to pick things up, [and] leaning down to pick up bags off the ground with ease" at the time Mann was reporting to Dr. Winthrop that she was in "terrible pain." Tr. 542. Regarding the videotape, Dr. Winthrop noted

> [Mann's] gait was much quicker and easier than it is when she comes in my office. When she left here the other day, she walked as though she were in terrible pain and walked as though she was perhaps eighty years old. When I saw the video tape, it was amazing how easy and free her gait was.

Tr. 542. Dr. Winthrop reported he "would like [Mann] to find another doctor since I cannot seem to help her anymore." Tr. 542.

On this record, the Court finds the ALJ adequately explained his reasons for finding Mann's testimony concerning her physical limitations not credible. The Court, therefore, concludes the ALJ did not err because he provided a legally sufficient basis supported by the record for rejecting portions of Mann's testimony.

## II. The ALJ's Rejection of the Opinion of Plaintiff's Treating Physician

Mann contends the ALJ improperly rejected the opinion of Dr. Fitzgerald, one of Mann's treating physicians.

It is well-settled that "greater weight is afforded to the opinion of a treating physician than to that of [a] non-treating physician, because the treating physician is employed to cure and has a greater opportunity to know and observe the patient as an

11 - OPINION AND ORDER

individual." *Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir. 1993)(internal quotations omitted). A treating physician's opinion is controlling when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent" with other evidence in the record. 20 C.F.R. § 404.1527(d)(2). When a treating physician's opinion is not entitled to controlling weight, the ALJ must give "specific, legitimate reasons" for rejecting it if that opinion conflicts with another physician's opinion or with evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When the opinion of the treating physician or other medical expert is uncontroverted, the ALJ must give "clear and convincing reasons" before rejecting such an opinion. *Id*. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

The ALJ rejected the opinion or Dr. Fitzgerald expressed in a 2003 letter to Mann's counsel in which Dr. Fitzgerald opined because of Mann's "back, fibromyalgia, and chronic abdominal pain and headaches, . . . it would be difficult, if not impossible, for [Mann] to work at steady employment." Tr. 24, 638.

Dr. Fitzgerald gave his opinion regarding the ultimate issue of Mann's disability, but he did not state the nature or extent of Mann's specific functional limitations. A treating physician's opinion about the "ultimate issue of disability" is not entitled to controlling weight because such findings are

12 - OPINION AND ORDER

reserved to the Commissioner. SSR 96-5p. In addition, the ALJ noted many of Mann's impairments as reported by Dr. Fitzgerald can be controlled with medication or treatment or resolved by surgery. Tr. 24. The ALJ also noted Mann has had diverticulitis, fibromyalgia, and headaches for years, and yet she successfully worked during that time. Tr. 24.

On this record, the Court concludes the ALJ did not err when he rejected Dr. Fitzgerald's opinion because Dr. Fitzgerald's opinion is not entitled to controlling weight and the ALJ gave legally sufficient reasons for rejecting that opinion.

**III. The ALJ's RFC Assessment and Step Five Conclusions**

Mann contends the ALJ omitted credible limitations from his RFC assessment and his hypothetical to the VE because he improperly rejected Mann's testimony. The Court, however, has held the ALJ did not err when he rejected portions of Mann's testimony.

Accordingly, the Court finds the ALJ's RFC assessment and hypothetical to the VE contained all of Mann's relevant and credible limitations.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner.

   IT IS SO ORDERED.

   DATED this 25th day of August, 2005.

                                          /s/ Anna J. Brown
                                          _____
                                          ANNA J. BROWN
                                          United States District Judge

                                          Mann CV 04-1154 O&O.08-24-05.wpd

14 - OPINION AND ORDER